UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS EMILIANO PACHECO YRIZA, A-240-373-870,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, et al.,<br>Respondents. | No. 1:26-cv-08095-TLN-CKD P<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is detained by Immigrations and Customs Enforcement ("ICE") and seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This case is referred to the undersigned by operation of Local Rule 302(c)(17) pursuant to 28 U.S.C. § 636(b)(1) and the court's minute order dated October 5, 2026. The petition and respondent's answer are before the court. (ECF Nos. 1, 7.) No further briefing is necessary. For the reasons set forth below, the petition should be granted.

**I. Background**

Petitioner is a citizen of Venezuela who entered the United States on August 26, 2023, and was paroled in by immigration authorities. (ECF No. 1 at 2; ECF No. 7 at 1.) On or about September 19, 2026, petitioner was re-detained by ICE following a traffic stop for improper passing. (ECF No. 7-1 at 2.) Petitioner alleges a violation of due process and seeks immediate release from custody. (ECF No. 1 at 63-66.) In response to the petition, respondents assert the

detention authority is 8 U.S.C. § 1225(b)(2) but "acknowledge[s] that this case fits into the category of cases in which the Court has found that petitioner's previous parole into the United States is more significant than the manner of entry." (ECF No. 7 at 1.)

**II. Legal Standard**

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas, 533 U.S. at 687.

**III. Discussion**

Petitioner was living in the United States when he was re-detained by immigration officials and he is not subject to a final order of removal. The applicable detention authority is 8 U.S.C. § 1226. Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026) (holding that noncitizens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)).

In addition, as respondents acknowledge, petitioner was previously paroled into the United States. Petitioner "developed a clear interest in his continued freedom protected by the Due Process Clause during his time living freely prior to his current detention." Gurtaj S. v. Bondi, No. 1:26-CV-01031-TLN-CSK, 2026 WL 2225023, at *1 (E.D. Cal. Aug. 3, 2026). "Even if [petitioner] is subject to removal or his freedom could be revoked by statute, that interest is still protected by the Due Process Clause." Id.; see also, e.g., Pinchi v. Noem, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025) (holding a petitioner's prior release into the United States after a determination he presents no danger to the community or flight risk gives rise to a "heightened" liberty interest in remaining out of detention); Chavarria v. Chestnut, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606, at *3 (E.D. Cal. Dec. 9, 2025) ("non-citizens paroled into the United States pursuant to § 1182(d)(5) have a liberty interest in their continued release, entitling them to certain due process protections").

////

Considering the factors under the test set forth in Mathews v. Eldridge, 424 U.S. 319, 335 (1976), petitioner has a substantial private interest in maintaining his out-of-custody status which is strengthened by his time living freely in the community. See Zadvydas, 533 U.S. at 690 (freedom from imprisonment is at the core of the Due Process Clause); Doe v Becerra, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025). The risk of an erroneous deprivation of this liberty interest is high because respondents do not argue petitioner presents a danger to the community or a flight risk or that there were any materially changed circumstances that presented a reason for the change in his custody status and re-detention. The government's interest in detaining petitioner without any procedural protections is "low." See Ortega v. Bonnar, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019); Doe v. Becerra, 787 F. Supp. 3d at 1094 (noting custody hearings in immigration court are routine and impose a "minimal" cost on the government).

On balance, the Mathews factors show due process required an individualized hearing prior to petitioner's detention. Respondent points to no reasons why a pre-deprivation hearing could not be held and provides no evidence warranting petitioner's re-detention without providing an individualized hearing or any other process. The appropriate remedy is petitioner's immediate release. See, e.g., Lepe v. Andrews, 801 F. Supp. 3d 1104, 1119 (E.D. Cal. 2025).

**IV. Recommendation**

For the reasons set forth above, IT IS RECOMMENDED as follows:

1. The petition for writ of habeas under 28 U.S.C. § 2241 be granted.
2. Respondent be ordered to RELEASE petitioner IMMEDIATELY and respondent be ENJOINED AND RESTRAINED from re-detaining petitioner unless they provide seven (7) days' notice to petitioner and a pre-deprivation bond hearing before a neutral arbiter pursuant to 8 U.S.C. § 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered.
3. Judgment be entered in petitioner's favor and this case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **five (5)** days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **five (5)** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 8, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 pach8095.mer